United States District Court
Northern District of California

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVANCE LAMAR REED,

Defendant.

Case No.: CR 10-0447-SBA (KAW)

ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING

### I. Background

On August 1, 2012, the Court held a hearing on the Government's motion to detain Defendant Davance Lamar Reed pending his supervised release violation hearing. Defendant was present and in custody, and represented by Assistant Federal Defender Jerome Matthews. Assistant United States Attorney Andrew Huang appeared on behalf of the Government. Probation Officer Sonia Lapizco was also present. For the reasons explained below, the Court orders that Defendant be detained pending his supervised release violation hearing.

On July 31, 2012, Defendant's probation officer filed a petition alleging that Defendant violated the conditions of his supervised release on a number of occasions. Defendant's probation officer alleges the following facts. Defendant had positive drug tests in May and June for cocaine and marijuana. He failed to inform his probation officer before changing his residence, as Defendant's grandmother reported that Defendant does not live at her home as he reported, but only "drops by a couple of times a week." He also failed to submit his monthly report for May 2012. Finally, on June 12, 2012, Defendant was stopped and cited by the San Francisco Police Department for traffic infractions, and had a known prostitute in his car. Defendant is alleged to have violated standard conditions numbers one (defendant shall not unlawfully possess or use a controlled substance), two (defendant shall submit a report within the first five days of each month), six (defendant shall notify the probation officer at least ten days prior to any change in

DETENTION ORDER
CR 10-0447-SBA (KAW)                                    1

residence), and nine (defendant shall not associate with anyone engaged in criminal activity) of his supervised release.  The Duty Judge took notice of the petition on July 31, 2012.

Defendant was originally sentenced to 37 months imprisonment and 36 months of supervised release on March 13, 2009 for being a felon in possession of a firearm (Class C felony).  Defendant has now had four Forms 12 filed since his case was transferred to this District on June 3, 2010.  His prior Forms 12 involved possession of drugs and drugs for sale on multiple occasions, failure to report contacts with the police to his probation officer, and failing to participate in his substance abuse class.  On September 23, 2010, after the first Form 12, the Defendant's supervision was revoked and he was committed to custody for five months.  On March 31, 2011, after the second and third Forms 12, the Defendant was sentenced to 18 months imprisonment and 13 months supervised release.

Defendant's criminal history includes multiple arrests and convictions for possessing narcotics in various California counties, as well as charges that were ultimately dismissed for failing to appear in court in 2001, giving false information to a police officer in 2003, and supervising prostitution in 2004.

**II.    Analysis**

Because Defendant is charged with a supervised release violation, it is his burden to establish by clear and convincing evidence that he is not a flight risk or a danger to the community.  Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143.  After considering the proffers by the parties and the probation officer, and the arguments of counsel, the Court finds that Defendant has not established by clear and convincing evidence that he is not a flight risk or a danger.

It appears that Defendant has not even tried to comply with the conditions of his release.  According to his Probation Officer, she had never met Defendant before this hearing, despite calling him repeatedly, leaving messages, and making a visit to his address of record, when she was told by his grandmother that he did not actually live there.  As explained above, Defendant has repeatedly been non-compliant and has been arrested more than once while on supervised release.  This is his fourth Form 12 in only two years, which is even more troubling considering that Defendant has been incarcerated during a large portion of that time.

Defendant argued at the hearing that he should be released to a halfway house. He states that he has a job offer to work 40 hours a week restoring homes. Defendant did not inform his probation officer of this job offer prior to the hearing, even though standard condition of release number six required him to notify his probation officer at least ten days prior to any change in residence or employment. Considering the Defendant's history of failing to comply with the conditions of his release, failing to communicate and cooperate with his probation officer, and continuing to commit crimes while on release, the Court is not convinced that placement in a halfway house will ensure that Defendant will attend his court proceedings or will refrain from committing more crimes. Neither does Defendant's proffer that he has a job offer—which he did not tell his probation officer about—persuade the Court by clear and convincing evidence that Defendant is neither a flight risk nor a danger to the community. Given his numerous supervised release violations, the Court finds that Defendant is not amenable to supervision.

### III. Conclusion

Defendant shall be detained pending his supervised release violation hearing. For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: August 3, 2012

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR 10-0447-SBA (KAW)　　　　　　　　　3